```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :    INFORMATION

        - v. -                   :    15 CRIM 195

JEFFREY S. STEIN, and            :
MARLA STEIN,
                                 :
              Defendants.
                                 :

- - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 30 2015

### COUNT ONE
(Corruptly Endeavoring to Obstruct and Impede the Due Administration of the Internal Revenue Laws)

The United States Attorney charges:

### THE DEFENDANTS

1.  At all times relevant to this Information, JEFFREY S. STEIN and MARLA STEIN, the defendants, were husband and wife and residents of New York, New York, where they maintained an apartment on Manhattan's Upper East Side.

2.  During the calendar years 2007 through 2013, JEFFREY S. STEIN and MARLA STEIN, the defendants, employed a domestic employee ("the Domestic Employee") who worked in their apartment four days a week, performing services such as cleaning, cooking, and child-care related services. Working largely under the direction of MARLA STEIN, the Domestic Employee was paid approximately $300 per week in cash, for an approximate annual total of $15,000.

## JEFFREY STEIN's Medical Practice Income and Tax Reporting

3.      At all times relevant to this Information JEFFREY S. STEIN, the defendant, was a medical doctor, specializing in vascular surgery and the treatment of various vascular disorders. In addition to earning income as a result of his affiliation with certain hospitals and medical groups in the New York metropolitan area, JEFFREY S. STEIN conducted business principally through his own medical practice, "Jeffrey Stein, M.D.," which maintained offices in Manhattan, New York, and Valley Stream, New York, on Long Island.

4.      Among the medical groups with which JEFFREY S. STEIN, the defendant, was affiliated and from which he received compensation was one located in Brooklyn, New York (the "Brooklyn Medical Group"). Between approximately 2008 and 2011, physicians at the Brooklyn Medical Group, including JEFFREY STEIN, performed various medical services, including vascular surgery, for disabled military veterans pursuant to a contract with the United States Department of Veterans Affairs ("the V.A."). In connection with the medical services he provided to the veterans, JEFFREY STEIN was given access to the computer-based records of the V.A., including medical records for the disabled veteran patients he treated.

5.  JEFFREY S. STEIN, the defendant, reported the profits from his medical practice on a Schedule C (Profit or Loss from Business) attached to the U.S. Individual Income Tax Return, Form 1040, ("Form 1040") that he filed jointly with his wife, MARLA STEIN, the defendant, for each of the tax years 2007-2013.  To prepare and file those Forms 1040, and certain other tax returns and forms, JEFFREY S. STEIN and MARLA STEIN utilized the services of a certified public accountant from a small Manhattan-based accounting firm ("the Accountant").

**MARLA STEIN's Legal Practice Income and Tax Reporting**

6.  At all times relevant to this Information, MARLA STEIN, the defendant, was an attorney licensed to practice in the State of New York.  During the tax years 2009-2011, MARLA STEIN performed legal services largely as an independent contractor for certain Manhattan-based law firms that represented plaintiffs in, among other matters, personal injury lawsuits ("the P.I. Firms").  During the tax year 2012, MARLA STEIN received virtually all of her law-related compensation as an employee of one of the P.I. Firms.

7.  MARLA STEIN, the defendant, reported the income she received from her law practice for the years 2009 through 2011 on a separate Schedule C attached to the Form 1040 she filed jointly with her husband, JEFFREY S. STEIN, the defendant.

3

For the 2001 and 2012 tax years, MARLA STEIN also reported the wage income she received from one of the P.I. Firms through an IRS Form W-2 attached to her joint Form 1040.

**The False Tax Returns Filed by JEFFREY S. STEIN and MARLA STEIN**

8. In connection with the preparation of their Forms 1040 for the tax years 2009-2012, JEFFREY S. STEIN and MARLA STEIN, the defendants, provided various false and fictitious information to the Accountant in order to fraudulently reduce the amount of taxes they would have to pay to the IRS. In particular, for the tax years 2009-2012, JEFFREY S. STEIN provided the Accountant with (a) wholly fictitious Schedule C expenses purportedly incurred by his medical practice, such as contract labor expenses and transcription services that were, in truth and fact, never incurred or paid; and (b) falsely inflated Schedule C expenses purportedly incurred by his medical practice, including travel and auto expenses, deductible meals and entertainment, and the amounts of wages paid to employees of his medical practice. In addition, for the tax years 2009-2011, MARLA STEIN provided the Accountant with (a) wholly fictitious Schedule C contract labor and advertising expenses purportedly incurred by her law practice but which were, in truth and fact, never incurred or paid; and (b) falsely inflated Schedule C

4

expenses purportedly incurred by her law practice, including those for office supplies and deductible meals and expenses.

9. In addition to the foregoing, for the tax years 2007-2013, JEFFREY S. STEIN and MARLA STEIN, the defendants, failed to inform the Accountant that they employed and paid approximately $15,000 annually in cash wages to the Domestic Employee.

10. As a result of the falsely inflated and wholly fictitious information provided by JEFFREY S. STEIN and MARLA STEIN, the defendants, to the Accountant in connection with the preparation of their Forms 1040 for the 2009-2012 tax years, the Accountant prepared Forms 1040 for JEFFREY S. STEIN and MARLA STEIN that falsely and fraudulently understated their business income and, consequently, the amount of taxes due and owing to the IRS. In addition, as a result of the failure of JEFFREY S. STEIN and MARLA STEIN to inform the Accountant of the cash wages paid to their Domestic Employee for the 2007-2013 tax years, JEFFREY S. STEIN and MARLA STEIN failed to pay to the IRS various employment taxes due and owing to the IRS. The failure of JEFFREY S. STEIN and MARLA STEIN to inform the Accountant about, and report to the IRS, the cash wages paid to Domestic Employee also aided the Domestic Employee in avoiding detection

by the IRS of the Domestic Employee's fraudulent failure to report her cash wages to the IRS for the tax years 2007-2013.

**Obstruction of the IRS Audit**

11.  On or about February 1, 2013, the IRS notified JEFFREY S. STEIN and MARLA STEIN, the defendants, that their tax returns for the 2010 and 2011 tax years had been selected for audit.  In the documents accompanying the audit notice, the IRS specifically identified the expenses claimed on the Schedules C of JEFFREY S. STEIN and MARLA STEIN as subjects of the audit.

12.  Following their receipt of the IRS audit notice, JEFFREY S. STEIN and MARLA STEIN, the defendants, asked the Accountant whether he would represent them in their dealings with the IRS during the audit.  After the Accountant agreed, he procured from JEFFREY S. STEIN and MARLA STEIN their signatures on two IRS power-of-attorney documents, Forms 2858, allowing the Accountant to act as the representative for JEFFREY S. STEIN and MARLA STEIN in connection with the audit.  On or about February 21, 2013, the Accountant faxed the executed Forms 2858 to the IRS tax compliance officer conducting the audit ("the IRS Auditor") and thereafter arranged a May 23, 2013 meeting with the IRS Auditor at which the Accountant planned to provide documentation supporting the Schedule C expenses claimed by

6

JEFFREY S. STEIN and MARLA STEIN on their 2010 and 2011 Forms 1040.

13. In advance of the meeting with the IRS Auditor, the Accountant requested JEFFREY S. STEIN and MARLA STEIN, the defendants, to gather and provide to the Accountant any and all documentary and other support for their respective Schedule C expenses for the 2010 and 2011 tax years. The Accountant specifically requested JEFFREY S. STEIN and MARLA STEIN to provide the documents supporting each category of Schedule C expenses in a separate envelope and deliver those envelopes to the Accountant's office.

14. After receiving the Accountants request, JEFFREY S. STEIN and MARLA STEIN, the defendants, created and provided to the Accountant various fabricated and fictitious documents and information as part of a corrupt effort to convince the IRS Auditor that the expenses claimed on the Schedules C of JEFFREY S. STEIN and MARLA STEIN were legitimate. Among the fabricated and fictitious documents created by JEFFREY S. STEIN and MARLA STEIN and provided to the Accountant on or about May 16, 2013, were the following:

> (a) Using the names of four disabled military veterans (including two former patients) whose identities he obtained as a result of his work for the V.A., JEFFREY S. STEIN created bogus invoices in the names of those veterans ("the Bogus Invoices"). The Bogus Invoices

7

falsely recited that the individuals whose names were contained on the invoices had performed during 2010 and 2011, and been paid by JEFFREY S. STEIN, M.D. for, various medical services rendered to JEFFREY S. STEIN's medical practice, such as "ultrasound technologist" and "vascular technologist" services. In truth and fact, none of the individuals whose names were placed on the Bogus Invoices provided any of the services recited in the fabricated invoices, which totaled $126,525. One of the veterans whose name was placed on a Bogus Invoice by JEFFREY S. STEIN was not even alive during 2011 -- a year for which JEFFREY S. STEIN created a Bogus Invoice for that individual.

(b) JEFFREY S. STEIN created invoices purportedly sent to STEIN's medical practice in 2010 and 2011 by a Long Island hospital ("the Hospital") reflecting payments sought by the Hospital for "surgical physician assistant cost sharing," which invoices JEFFREY S. STEIN claimed were paid by his medical practice. In truth and fact, the services reflected in the Hospital invoices were never provided to JEFFREY S. STEIN and never paid by his medical practice as expenses.

(c) JEFFREY S. STEIN created invoices purportedly sent to STEIN's medical practice in 2010 and 2011 by a company that provided transcription services. In truth and fact, the transcription company identified by JEFFREY S. STEIN never provided any transcription services to JEFFREY S. STEIN's medical practice.

(d) MARLA STEIN created certain documentation indicating that two individuals, whose names and purported tax identification numbers were included thereon, had provided certain services to MARLA STEIN's law practice and had been paid fee income by MARLA STEIN as a result. In truth and fact, neither of those individuals had provided services to MARLA STEIN's law practice. Instead, the individuals whose identities were used were those of the Domestic Employee and a medical professional who had performed services for a member of MARLA STEIN's family.

(e) Using genuine invoices previously provided to MARLA STEIN by photographers and a videographer who

8

had performed services in connection with religious celebrations for members of MARLA STEIN's family, MARLA STEIN used the names of the photographers and videographer but fraudulently altered the real invoices to make them appear as if the services reflected in the invoices had been provided to MARLA STEIN's law practice. Among the invoices fraudulently created by MARLA STEIN, and later provided to the Accountant, was one that falsely recited that a "day in the life" video had been prepared for and paid for by MARLA STEIN in connection with the purported mediation of a lawsuit on behalf of a personal injury client.

15. Following the receipt of the fabricated and fictitious documents from JEFFREY S. STEIN and MARLA STEIN, the defendants, the Accountant met with and showed the IRS Auditor certain of the fabricated documents and information. More specifically, the Accountant showed the IRS Auditor the Bogus Invoices provided by JEFFREY S. STEIN in the names of the disabled veterans, claiming that the Bogus Invoices reflected contract labor expenses incurred and paid for by JEFFREY S. STEIN's medical practice. The Accountant subsequently provided the IRS Auditor with copies of the Bogus Invoices, together with the fraudulent invoices JEFFREY S. STEIN prepared in the name of the Hospital. The Accountant also told the IRS Auditor during the meeting that the contract labor expenses falsely claimed by MARLA STEIN on her Schedule C had been incurred by MARLA STEIN for persons who had performed legal research for MARLA STEIN.

### Statutory Allegations

16. From in or about 2007 through in or about 2014, in the Southern District of New York and elsewhere, JEFFREY S. STEIN and MARLA STEIN, the defendants, did corruptly obstruct and impede, and endeavor to obstruct and impede, as set forth above, the due administration of the Internal Revenue Laws.

(Title 26, United States Code, Section 7212(a).)

### COUNT TWO
(Tax Evasion)

The United States Attorney further charges:

17. The allegations contained in paragraphs One through Fifteen are incorporated and realleged as if fully set forth herein.

18. From on or about January 1, 2009, through in or about April 2014, in the Southern District of New York and elsewhere, JEFFREY S. STEIN, the defendant, willfully and knowingly did attempt to evade and defeat a substantial part of the income tax due and owing by JEFFREY S. STEIN to the United States of America for the calendar years 2009 through 2012, by various means, including, among others:(a) preparing and causing to be prepared, signing and causing to be signed, and filing and causing to be filed with the IRS, false and fraudulent U.S.

Individual Income Tax Returns, Forms 1040, for the calendar years 2009 through 2012, which returns claimed fictitious and falsely inflated business expenses and thereby substantially understated JEFFREY S. STEIN's total income, adjusted gross income, taxable income, and tax due and owing each year; and (b) creating and providing to the IRS false and fraudulent documents in connection with an IRS audit.

(Title 26, United States Code, Section 7201.)

*Preet Bharara*
PREET BHARARA
UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

JEFFREY S. STEIN and MARLA STEIN,

Defendants.

**INFORMATION**

15 Cr.

(26 U.S.C. §§ 7212(a) and 7201)

PREET BHARARA
United States Attorney.

3/30/15 Waivers of Indictment filed.
Cote, USDJ